Good morning. May it please the court, Jonathan Libby appearing on behalf of the appellant, Dean Harlan Soltero. Your honors, I'm happy to address the Rule 32 issue if the court has any questions. Otherwise, I'd like to begin by focusing on the true legal name condition. Okay. The court ordered that Mr. Soltero shall not possess any identification other than his true legal name and shall not use any name other than his true legal name. The problem is that as the court was well aware Soltero is not his legal name. Soltero is not his legal name. His legal name is Ressinger. That is his birth name. However, he has never used his birth name. His mother remarried when he was two years old, and the only name he has ever used is Soltero. So essentially, Mr. Soltero has been ordered to use a name he's never used, and he's subject to further imprisonment if he uses the only name he's ever known. This makes no sense. Isn't that a fairly easy answer? Can't you just go and have a legal name change? Well, it's not that simple, Your Honor. First off, he essentially has two choices here. He can, while he's in prison, try to successfully change his name, or he can alter all of his identification to reflect the name he's never used. Those are his choices, all done while he's in prison. Was this brought to the attention of the district court? It was. We certainly objected to the condition, absolutely, Your Honor. On the basis you're describing now? The argument, not as extensively, Your Honor. The court was well aware, however, that Mr. Soltero's true legal name was Ressinger. At the change of plea hearing, Mr. Soltero was asked to give his true legal name, and he said, well, my true legal name is Dean Harling Ressinger, but I've only ever used the name Soltero. And that colloquy, I believe, Your Honor, is pages 24 and 25 of the excerpts. So the court was well aware. The court had a discussion about what his name is. So it was very clear to the court what his name is. And I can only assume that because his true legal name was not what is on the indictment, that probation simply recommended this, and then the court imposed it. But it's not clear that this was appropriate. What name is he imprisoned under? Soltero. Soltero's name on all of his identification. It's the name on his marriage license, on all of his school records, everything. It's, again, it's the only name he's ever used. A supervised release condition must be reasonably related to the nature and circumstances of the offense or the history and characteristics of the offender. I would submit this is not reasonably related to any of those things. But assuming it is, then the condition can then only be imposed if it's the least restrictive condition necessary to achieve the goals of sentencing, those goals being deterrence, protection of the public, and rehabilitation. Where was he born? Where was he born? In Los Angeles. Okay. So his, what about his birth certificate? What does it say? I believe his birth certificate says Ressinger. Okay. But Mr. Ressinger even doesn't know his father's first name, his birth father's first name. This is a name that he simply has no association with his entire life. But he does know that, in fact, that is his birth name. So in order for the condition to be proper, it has to serve those goals of protection of the public, deterrence, or rehabilitation. It serves none of those goals. In fact, arguably, it does just the opposite. I mean, certainly if he uses the name he's always used, Soltero, that's not going to harm the public. It's not going to deter him from any future crimes. And it doesn't serve to rehabilitate him in any way. It simply serves to cause him additional difficulties that are simply not necessary here. Well, when he gets out, he'll have to get a new driver's license, right? Well. Can he, does he still have one that goes through while he's in prison? Well, while he, supervised release obviously begins the second he leaves prison. So he, in fact, would have to change all of his identification, his driver's license. He wouldn't have a valid driver's license at that time, would he? Well, I. Once he serves his time out. Yeah, probably would have expired, I guess, at that point. So he'd have to get a new one anyway. That's true. But every, I mean, this affects his wife. I mean, he's married. He has children. They all use the name Soltero. This is simply not a condition that is appropriate. It's not proper. And the government simply did not submit any evidence to demonstrate why it's proper here and how this is the least restrictive condition necessary to achieve those goals. The government submitted nothing. And now they're trying to defend it by saying, well, all he has to do is change his name. Well, that's not how supervised release conditions are supposed to be imposed. The government had the burden of establishing the necessity of the condition. They didn't do that here. It's simply not an appropriate condition, and the condition should be vacated. Okay. Let's, why don't we hear from the United States, if that's all you want to address. I did have another issue, Your Honor, I wanted to address. Go ahead. And that's the issue with respect to paying the cost of treatment. The Court here imposed a condition that essentially delegates to the probation officer the right to determine whether Mr. Soltero should have to pay the cost of treatment, and if so, how much. This, we submit, was an unlawful delegation to the probation officer. In the Dupas case, this Court reviewed this issue previously on plain error review and simply said, we can say it's not plain error, but we're not going to address the merits. Here, the condition was objected to. And so this Court, in fact, can now review this condition de novo to determine whether or not it's a lawful condition. The statute at issue, 18 U.S.C. section 3672, clearly indicates that when the court finds that funds are available for the payment of such treatment conditions, that the court may direct that the defendant make such payments. That's not the condition here. The condition here delegates to the probation officer the ultimate decision-making authority. It's as if the court were imposing a fine and said, well, I'm going to impose a fine, but I'm going to leave it up to the probation officer to set the amount of the fine. It's a little bit different than that, though, isn't it? I don't think so, Your Honor. The cost of drug treatment? Well, the pro- Deals with, right? That's right. And the probation officer is going to decide whether or not the defendant pays, and if so, how much. It's the how much that is what's most significant here. It's similar to the Dupas case. Yes. The Dupas was a plain error case. And here- The defendant there did not object. That's correct. That's correct. So it was reviewed for plain error. And solely for plain error. And the court made it very clear that there were good arguments on both sides. We're essentially going to punt because we can say this isn't plain error. But we'll leave it to another day whether or not, in fact, this does or does not violate the statute. Does this or would this condition deprive Soltero of the ability to complain to the district court if he thought an unreachable amount were set by the probation officer? It does not, but it reverses the burden. I mean, the burden clearly is on the government to establish at the time of sentencing whether or not a condition is appropriate and what the penalty should be. Of course, the court, couldn't the court have just said that you're going to undergo this treatment and you will have to pay the cost, period? Could have said that, did not say that. It would have been worse for your client, right? Yes. Certainly. But the court didn't say- Did it benefit to your client? Well, with all due respect, Your Honor, I mean, it doesn't change the fact that here we have an improper delegation and it's leaving it up to the probation officer. Could the district court have said that I leave it to the probation office to investigate your ability to pay at the time this condition comes into play and then make a recommendation to the court and the court will deal with the recommendation at that time? That's exactly what I think would have been appropriate. But that's not what was done here. But I think that is, in fact, exactly the process that should be followed. Okay. And with that, I'll reserve the balance of my time. You have about a minute and a half. Thank you. We'll hear from the United States at this time. Mr. Gallivan? Thank you. And may it please the Court, my name is David Gallivan. I represent the United States government in this case. Addressing first the concerns regarding the defendant's true legal name, I think it's important to distinguish the two issues here, whether or not it's a proper term of supervised release that a person be ordered to use his true legal name, which I think that the defense is asking the court to disregard the entire term based on an apparent misunderstanding as to what his true legal name is. Did the district court and the parties believe that Soltero was his legal name at the time of sentencing? I believe so, Your Honor. And even the defendant himself said that he had not used the name Resinger since he was the age of two. He said throughout school his name was Soltero. His entire criminal history is under the name Soltero. So far as we can tell, his Social Security number is issued under the name Soltero. As defense just indicated to the court, his marriage license is under the name Soltero. It wasn't until he came before the judge at sentencing that he brought up the thought, well, perhaps my true legal name may be Resinger. I would argue to the court that based on his history of the name Soltero, that is his true legal name. I think the court is trying to prevent him from actually using any other name. And especially in an offense like this, a possession of a firearm by a felon, we now have just somebody who's prohibited from possessing something based on their criminal history. So from all that the government can tell and we can tell from this record, the intent of the district court was to prevent the defendant from using a name other than Soltero. Is that correct? I believe that is, Your Honor. Couldn't the condition have said that? It could have, but for the fact that the defendant raised this issue that his birth name was Resinger. So I think it's a factual contest as to what his true legal name is, but I'm arguing to this court that based on his history, all his documents, his true legal name is Soltero. It differs from his birth name. There's been no judicial determination that Soltero is his legal name, right? That's correct. There has not been. If he were asked to produce a birth certificate to obtain a passport, a passport couldn't be issued in the name Soltero, could it? I don't believe so because the birth certificate, I imagine, would reflect a different name. And isn't he, in fact, technically violating the condition by using the name Soltero while in custody? No, because that's the name under which he was prosecuted. I think that the real issue would be if he were to revert to the name Resinger. And, again, that would be something that the court … Does the government have any serious objection to a modification of the condition that he not use any name other than Soltero? No, Your Honor. But I extend the argument because I think the defense is that, or the defendant is asking, that the court then disregard the entire term of supervised release, that just using the true legal name is inappropriate. I think that's a separate argument that they've taken this confusion and extended it to ask the court to disregard the entire term. But you have, to make clear, the government has no objection if this went back to district court, if it went back to district court, to ask the district judge, Your Honor, if what you intended was that he not use any other name than Soltero, can the condition be modified to reflect that? Is that correct? That is correct. You want to move on to the delegation? Yes, thank you. And in regards to the delegation of authority to probation, the government respectfully disagrees with the appellant's position. The DuPont case, although it was plain error analysis, essentially was addressing the exact wording that was used in this case. And I quote, the judge said, the defendant shall pay all or part of the costs of treating his drug dependency and or any alcohol dependency to the aftercare contractor during community supervision under section 3672. The defendant shall provide payment and proof of payment as directed by the probation officer. Didn't Judge Graber, in the opinion, suggest that in going through the plain error analysis that this was really a very close question and a very serious argument could be made the other way? Yes, I think that was acknowledged. And I believe he also said that he was following the Fifth Circuit in the Warden case in finding his decision. And again, it is plain error analysis, but I submit to this Court that even under abuse of discretion, the analysis still holds. Yes, she says, although we are uncertain, this is at page 918, although we are uncertain whether the latter was an improper delegation of the district court's authority under 18 U.S.C. 3672, our very uncertainty persuades us that the district court did not plainly err. Isn't setting the terms of special release conditions, hasn't that been viewed as a core judicial function? Yes, it has. I think that even within the court's determining the sentence, the reference to 3672 underscores the idea that this is a rehabilitative measure and not a form of punishment or sentence. Could the district court impose a condition of special release that told a defendant that they were to undergo drug rehabilitation for as long as the probation office determines? I believe it could, Your Honor. It could completely delegate to the probation office the quality, length, and successful completion of drug treatment. I think it necessarily requires the input from probation because that is how to close a case. That wasn't my question. Could the district court toss the whole potato of treatment to the probation office? I don't believe so. Could it toss to the probation office the authority to set a fine? No. And I would argue to the court a fine is a form of punishment, and that wouldn't fall under 3672. That would fall under 3664. If the probation office in this case determined that Saltero had some ability to pay after being released from prison, could he seek review of that from the district court? Absolutely. Whose burden would it be? Who would have the burden of persuasion in that circumstance? It would be the defendant. Not the government. That's correct. The issue that the government would have is to argue otherwise, that the government has the burden to prove whether or not a defendant has financial resources, I think invites a tremendous intrusion into the defendant's privacy because then we would have evidentiary hearings to determine what exactly his financial assets are. Here we had the court ordering him, you shall pay but will allow probation to make a determination whether or not you can pay the whole amount. And I think, as Judge Seiler indicated, I think that is a benefit to the defendant. We want information shared with probation. They have a sense of his history, his financial resources. I don't think anybody's disputing that. What, hypothetically, if the district court had told the probation office in this case, determine whether this individual is able to pay and then make a recommendation to me? In that circumstance, who would have the burden? The burden of proving whether or not he was able to pay? I think it would then shift to probation at that point in terms of presenting evidence. Part of the government. Yes. So it would be your burden. Yes, that's correct. Okay. And unless the court has any other questions, the government is permitted to submit on its brief. I don't see any. Thank you very much for your argument. Thank you. Thanks for coming in this morning. You have about a minute and a half, I think. Your Honors, unless the court has any further questions, I'd submit. I don't see any. Thank you very much. Thank you both. The case just argued will be submitted for decision, and we'll proceed to the next argued case on the calendar, which is my, I hope I'm pronouncing that correctly, versus the Benefits Review Board. If counsel will come forward, please.
judges: T.G. Nelson, Siler, Hawkins